IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG

**C. T., a minor, by and through his Next Friend and Guardian, RICHARD B. TIMMIS,**
and
**RICHARD B. TIMMIS, individually**
807 Franklin Ave., Apt B
Belpre OH 45714

       **Plaintiff,**

v.

**K.A.S. TRUCKING, LLC,**
3227 Lineboro Rd.
Manchester, MD 21102

and

**DOUGLAS SCHMINCKE**
3227 Lineboro Rd.
Manchester, MD 21102

       **Defendants.**

ELECTRONICALLY FILED
May 22 2023
U.S. DISTRICT COURT
Northern District of WV

Civil No.: 1:23-CV-46
Judge Kleeh

**JURY TRIAL DEMANDED**

## COMPLAINT

Comes now, Plaintiff, C. T., a minor, by and through his Next Friend and Guardian, Richard B. Timmis, and Richard B. Timmis, individually by and through their counsel, James R. Leach, and Jim Leach, L.C., and for their Complaint, represents to the Court as follows:

### PARTIES AND VENUE

1.    Plaintiff Richard B. Timmis (hereinafter "Plaintiff"), is the next friend, guardian and biological father of C. T., a minor (hereinafter "Plaintiff C. T.," collectively "Plaintiffs"), and Plaintiffs reside together in the City of Belpre, County of Washington, State of Ohio.

2. At all times relevant herein, Plaintiff and Jacqueline Timmis were married, and they had two children, Plaintiff C. T. and B. T., a minor.

3. Upon information and belief, Defendant K.A.S. Trucking, LLC's is a Maryland limited liability corporation with its office located at 3227 Lineboro Rd., City of Manchester, County of Carroll, State of Maryland.

4. Defendant Douglas Schmincke's (hereinafter "Defendant Schmincke") last known address upon information and belief is 3227 Lineboro Rd., City of Manchester, County of Carroll, State of Maryland.

5. At all times pertinent to this lawsuit, Defendant Schmincke was the agent, employed by and acting in the line and scope of his employment with Defendant K.A.S. Trucking, LLC, and driving in a motor vehicle owned by Defendant K.A.S. Trucking, LLC.

6. Defendant K.A.S. Trucking, LLC is vicariously liable pursuant to the doctrine of *respondeat superior* for the acts alleged herein of Defendant Schmincke as his principal and/or employer.

7. All acts alleged herein occurred in Doddridge County, West Virginia, the Plaintiff and Defendants are citizens of different U.S. states and the amount in controversy exceeds $75,000, and, therefore, venue is proper in the United States District Court for the Northern District of West Virginia pursuant to 28 U.S. Code § 1332.

## FACTUAL ALLEGATIONS

8. Plaintiffs adopt and incorporate paragraphs 1 through 7 as if fully set out herein.

9. On or about the 20th day of May 2021, Plaintiff C. T. was a passenger in a GMC Yukon SUV driven by his mother, Jacqueline Timmis, traveling north on Sunnyside Road,

       approaching a traffic light at the intersection of Sunnyside Road and Rt. 50, near the City of Greenwood, County of Doddridge, State of West Virginia.

10. B. T. was also a passenger in Jacqueline Timmis' vehicle.

11. The light for Jacqueline Timmis turned green and she proceeded into the intersection, crossing the eastbound lanes of Rt. 50.

12. On or about the 20th day of May 2021, Defendant Schmincke, operating a Peterbilt truck/tractor owned by his employer Defendant K.A.S. Trucking, LLC and in the course and scope of his employment, was traveling east on Rt. 50 approaching a traffic light at the intersection of Sunnyside Road and Rt. 50, near the City of Greenwood, County of Doddridge, State of West Virginia.

13. Defendant Schmincke approached the traffic light as it turned to yellow caution at the intersection, braking for only one second then accelerating at full throttle, entering the intersection after the traffic light had turned red at 64 m.p.h., 9 miles over the speed limit, as Jacqueline Timmis lawfully entered the intersection on a green light, thereby striking the vehicle driven by Jacqueline Timmis and causing the death of B. T. and Jacqueline Timmis and causing injury to Plaintiff C. T.

14. If Defendant Schmincke had continued to brake as he approached the traffic light as it turned yellow, he would have been able to stop prior to impact.

15. As a direct and proximate result of Defendants' negligence, and conscious, reckless and outrageous indifference to the health, safety and welfare of Plaintiff C. T., B.T. and Jacqueline Timmis, and breach of the duty of care, Plaintiffs suffered injuries and damages described further herein.

## COUNT I

16. Plaintiffs adopt and incorporate paragraphs 1 through 15 as if fully set out herein.

17. At the time of the aforesaid negligent operation, Defendant Schmincke owed a duty to Plaintiffs to use reasonable care regarding the operation of his vehicle.

18. Defendant Schmincke disregarded his duty to operate a vehicle safely on the roadways of this State by failing to obey the traffic light, speeding through a red light into the intersection and colliding with the vehicle driven by his mother Jacqueline Timmis and in which Plaintiff C. T. and his brother B. T. were passengers, thereby negligently causing an accident in which Plaintiff C. T. was injured, and B. T. and Jacqueline Timmis were killed.

19. Defendant Schmincke failed to use reasonable due care in the operation of his vehicle by failing to obey a red traffic light in violation of the laws and statutes of the State of West Virginia, and such negligence directly and proximately resulted in bodily injury to Plaintiff C. T. and the death of Plaintiff C. T's brother and mother.

20. As a direct and proximate result of the aforesaid actions, omissions and breaches of duties owed by Defendant to Plaintiff C. T., he has suffered physical injury, medical expenses, pain and suffering, and Plaintiffs have suffered mental suffering and anguish, shock, fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea, psychological damage, permanent damage, great physical, mental and emotional injuries and distress to such a significant degree that it is likely that they will be adversely affected by same for the remainder of their natural lives and endured a loss of capacity to enjoy their lives.

21. As a direct and proximate result of the aforesaid actions, omissions and breaches of duties owed by Defendants to Plaintiff C. T., he will continue in the future to suffer physical injury, medical expenses, pain and suffering, and Plaintiffs will continue in the future to suffer mental anguish, as mental suffering and anguish, shock, fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea, psychological damage, permanent damage, and endure a loss of capacity to enjoy their lives.

## COUNT II

22. Plaintiffs adopt and incorporate paragraphs 1 through 21 as if fully set out herein.

23. The conduct of Defendant Schmincke was so atrocious, utterly intolerable in a civilized community and so extreme and outrageous as to exceed all possible bounds of decency.

24. Defendant Schmincke acted with intent to inflict emotional distress or acted recklessly when he was certain or substantially certain such distress would result from his conduct.

25. The actions of Defendant Schmincke caused Plaintiffs to suffer emotional distress and physical injury.

26. The emotional distress and physical injury suffered by Plaintiffs was so severe that no reasonable person could be expected to endure it.

27. As a direct and proximate result of all the aforesaid actions and omissions by Defendant Schmincke, Plaintiffs have suffered in the past and will continue to suffer in the future, great physical, mental and emotional injuries and distress, as mental suffering and anguish, shock, fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea to such a significant degree that it is likely they will both be adversely affected by same for the remainder of their natural lives.

## COUNT III

28. Plaintiffs adopt and incorporate paragraphs 1 through 27 as if fully set out herein.

29. At all times relevant hereto, the acts and omissions of Defendants, as described above, rose to the level of outrageous conduct as defined by West Virginia law making Defendants liable to Plaintiffs pursuit to the tort of outrage (also known as the intentional infliction of emotional distress).

30. The conduct of Defendants was so atrocious, utterly intolerable in a civilized community and so extreme and outrageous as to exceed all possible bounds of decency.

31. Defendants acted with intent to inflict emotional distress and/or acted so recklessly when it was certain or substantially certain that such distress would result from their conduct.

32. As a direct and proximate result of all the aforesaid actions and omissions by Defendants, Plaintiffs have suffered great physical, mental and emotional injuries and distress, as mental suffering and anguish, shock, fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea to such a significant degree that it is likely they will both be adversely affected by same for the remainder of their natural lives.

## COUNT IV

33. Plaintiffs adopt and incorporate paragraphs 1 through 32 as if fully set out herein.

34. Plaintiff C. T. witnessed his mother and brother suffer a critical injury resulting in their deaths as a direct and proximate result of all of the aforesaid actions and omissions by Defendants.

35. At all times relevant herein, the acts and omissions of Defendants, as described above, rose to the level of negligent infliction of emotional distress making Defendants liable to Plaintiff C. T. pursuant to the tort of negligent infliction of emotional distress.

36. As a direct and proximate result of all the aforesaid actions and omissions by Defendants, Plaintiff C. T. suffered great physical, mental and emotional injuries and distress, as mental suffering and anguish, shock, fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry, and nausea to such a significant degree that it is likely he will be adversely affected by same for the remainder of his natural life.

## COUNT V

37. Plaintiffs adopt and incorporate paragraphs 1 through 36 as if fully set out herein.

38. At all times relevant hereto, the acts and omissions of Defendants, as described above, rose to the level of negligent infliction of emotional distress making Defendants liable to Plaintiffs pursuant to the tort of negligent infliction of emotional distress.

39. As a direct and proximate result of all of the aforesaid actions and omissions by Defendants, Plaintiffs have suffered great physical, mental, and emotional injuries and distress to such a significant degree that it is likely they will both be adversely affected by same for the remainder of their natural lives.

## COUNT VI

40. Plaintiffs adopt and incorporate paragraphs 1 through 39 as if fully set out herein.

41. The actions of the Defendants have caused Plaintiff C. T., as alleged herein, to incur medical expenses for treatment by medical specialists resulting in Plaintiff to become obligated to pay said expenses, past and future.

## COUNT VII

42. Plaintiffs adopt and incorporate paragraphs 1 through 41 as if fully set out herein.

43. As a direct and proximate result of the acts and omissions of Defendants, the Plaintiff's consortium with Plaintiff C. T. has been substantially diminished and impaired and will continue to be so diminished and impaired as a result of said injuries all through the acts and omissions of the Defendants as alleged herein

## COUNT VIII

44. Plaintiff adopts and incorporates paragraphs 1 through 43 as if fully set out herein.

45. Defendant Schmincke operated his vehicle with gross negligence, willful, wanton and with a conscious, reckless and outrageous indifference to the health, safety and welfare of Plaintiff C. T., his brother B. T. and mother, Jacqueline Timmis, by failing to adequately brake as he approached the traffic light as it turned to yellow caution at the intersection, and accelerating at full throttle, speeding as he entered the intersection after the traffic light had turned red, as Jacqueline Timmis lawfully entered the intersection on a green light, thereby striking the vehicle driven by Jacqueline Timmis and causing injury to Plaintiff C. T. and the death of B. T. and Jacqueline Timmis.

46. As a direct and proximate consequence thereof, Plaintiffs are entitled to punitive or exemplary damages from Defendants.

WHEREFORE, Plaintiff Richard Timmis, as the Guardian and Next Friend of C. T., a minor, and Richard Timmis, individually, prays for judgment against the Defendants K.A.S. Trucking, LLC and Douglas Schmincke in an amount sufficient to compensate Plaintiffs for the physical injury, medical expenses, pain and suffering, mental suffering and anguish, shock, fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry,

and nausea, psychological damage, permanent damage, emotional injuries and distress, a loss of capacity to enjoy their lives, other economic and general damages already experienced and reasonably probable to be experienced for the rest of their lives, punitive damages, plus all other relief the Court deems proper.

**A JURY TRIAL IS DEMANDED.**

                                      Respectfully submitted,

                                      */s/ James R. Leach*
                                      JAMES R. LEACH (WVBN 6923)
                                      VICTORIA SOPRANIK (WVBN 7230)
                                      DEVYN LEACH (WVBN 13645)

**JIM LEACH, LC**
34 Bickel Mansion Dr.
Parkersburg, WV 261101
304-865-8530
304-865-8533 (fax)
jim@jrleach.com
vicki@jrleach.com
devyn@jrleach.com
*Counsel for Plaintiff*